UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JON HOAK, ANTHONY FANO, ALLAN QUICK, and PATRICIA GIERING, on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PLAN ADMINISTRATOR OF THE PLANS OF NCR CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>1:15-CV-03983-AT |

**JOINT DISCOVERY STATEMENT**

1573687.1

**Issue Presented:** Whether NCR must produce an un-redacted copy of its administrative record?

### A.  Plaintiffs' Position:

The NCR Plan Administrator ("NCR") created an "administrative record" of putative class members' challenges to NCR's termination of the pension plans and lump sum payments. NCR prepared its administrative record to share with the putative class members and, ultimately, the Court. NCR produced only a heavily redacted copy of that administrative record. NCR claims the redacted information is irrelevant. Plaintiffs disagree. Plaintiffs asked NCR to produce an un-redacted version of its administrative record, or agree to produce a copy after the Court certifies a class. NCR refuses. The Court should order NCR to produce an un-redacted administrative record.

First, the Rules do not contemplate parties redacting *parts* of responsive documents on relevance grounds. *See Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451-52 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. It is a rare document that contains only relevant information.").

1573687.1

Second, parties should not be permitted to delay proceedings and burden the Court by fights over what parts of a document are "relevant" or the need to review parties' redactions, *in camera* or *ex parte*, unless the redacting party first shows there are significant confidentiality concerns at stake. *See, e.g.*, *Beverage Distributors, Inc. v. Miller Brewing Co.*, No. 2:08-cv-1112, 2010 WL 1727640, at *4-5 (S.D. Ohio Apr. 28, 2010). NCR has identified no such concerns. The Court's protective order sufficiently protects against improper disclosure or use of information obtained in discovery. *See In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:12-MN-00001, 2013 WL 268206, at *3 (D.S.C. Jan. 24, 2013); *United States ex rel. Simms v. Austin Radiological Assocs.*, 292 F.R.D. 378, 385-87 (W.D. Tex. 2013); *In re Medeva Sec. Litig.*, No. 93-4376, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995).

Third, plaintiffs believe the redacted materials *are* relevant. All the redacted materials, it appears, relate to the termination of the named plaintiffs' pension plans. If NCR treated other plan participants differently from plaintiffs, that is highly relevant even to plaintiffs' individual claims.

Fourth, the redacted materials are clearly relevant and discoverable after the Court certifies a class. The redacted materials are NCR's prepared record of class members' claims and appeals. The Court should order NCR to

1573687.1

produce an un-redacted version of its administrative record.

### B. Defendants' Response:

Plaintiffs are engaged in a classic fishing expedition, seeking to compel NCR to produce information about legal claims filed with NCR by plan participants who are not their clients, on subjects that are unrelated to their lawsuit. Both the law and sound policy support NCR's right and duty to make the challenged redactions.

To clarify, NCR <u>has not</u> redacted Plan Administrator discussions concerning challenges to (1) the discount rate, (2) NCR's right to terminate the plans, or (3) NCR's authority to require that benefit claims be adjudicated by the Plan Administrator rather than by the Trustee. NCR produced the Plan Administrator's discussions of other claimants' arguments on those subjects, including arguments not raised in the Complaint. *See, e.g.,* Exs. A & B (unredacted discussion of full range of arguments). NCR even produced related attorney advice. *See id.* The <u>only</u> thing NCR has redacted from the administrative record is discussions of entirely unrelated claims, or passages that attribute specific claims to specific non-plaintiff claimants.

Here is an example. The two primary factors used to calculate lump sums are (1) mortality assumptions and (2) a discount rate. Some participants challenged NCR's mortality assumptions, but plaintiffs do not –

there is no suggestion in the complaint that NCR's mortality assumptions were wrong (and in fact they were quite generous). NCR accordingly redacted claims regarding mortality assumptions.

The policy justification for these redactions is obvious. It would be absurd to require NCR to provide plaintiffs a roadmap of <u>new</u> legal claims they have not raised or even thought of, to fuel a new round of lawsuits against NCR.[1] The protective order cannot prevent plaintiffs from seeking to add new claims to this lawsuit, or from filing entirely new lawsuits raising new claims that they have essentially stolen from the administrative record. The <u>only</u> thing that can protect NCR's interests is redaction of unrelated claims. The challenged redactions are further supported by NCR's duty to protect the privacy interests, including salary and spousal information, of non-plaintiff claimants.

The law strongly supports NCR's right to make the challenged redactions. The seminal Circuit Court authority on the subject endorses irrelevance redactions, *The New York Times Co. v. Gonzalez*, 459 F.3d 160, 170 (2d Cir. 2006) ("Redactions of documents are commonplace where sensitive and irrelevant materials are mixed with highly relevant

---

[1] Notably, the redacted claims were all reviewed by the Plan Administrator and then responded to – evidently to the satisfaction of the claimants, who chose not to further pursue their claims in court.

information."), which have also been specifically blessed in the ERISA context. *See Spano v. Boeing Co.*, No. 3:06-cv-00743, 2008 WL 1774460, at *2 (S.D. Ill. Apr. 16, 2008) (allowing redaction of information "simply not relevant to the subject matter of the complaint"). Moreover, a key authority on redactions under revised Fed. R. Civ. P. 26(b)(1) is a recent district court decision from within this Circuit, which similarly endorsed the permissibility of irrelevance redactions, even where a protective order is in place. *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) ("a party is . . . not entitled to receive every piece of irrelevant information in responsive documents if the producing party has a persuasive reason for why such information should be withheld.").

NCR is happy to submit its redactions for *in camera* review, but believes it unnecessary, as the Federal discovery rules routinely depend on parties to exercise good faith judgment in distinguishing between relevant and irrelevant material, without direct judicial oversight.

### C. Plaintiffs' Reply:

The redacted parts of the administrative record that NCR finds to be "<u>entirely unrelated</u>" to this case discuss putative class members' complaints about the very same plan amendments, terminations and lump sum payments challenged in this suit.

1573687.1

5

The only reason NCR offers for redacting those materials is that disclosing them might educate plaintiffs' counsel about problems with NCR's termination of the plans and lump sum payments. *Id*. at 4-5. The fact that information may be damaging is not a basis to withhold it.

Defendant's cases are inapposite. In *The N.Y. Times Co. v. Gonzales*, the Times sought to protect the identity of confidential sources, protected by common law and the First Amendment. *See* 459 F.3d at 162. In *Spano v. Boeing Co.*, Boeing redacted materials relating to other retirement plans that were not at issue. 2008 WL 1774460, at *2. In the *Takata Airbag* litigation, the defendant redacted "competitively sensitive information" that did not concern the subject of the litigation. 2016 WL 1460143, at *2 (permitting Takata to redact materials relating to "1) pricing, profits, non-public financial information; 2) parts, suppliers, or costs; 3) design, development, and engineering; 4) marketing and business strategy; 5) other makes and models; 6) non-U.S. products; and 7) service and quality issues – *so long as that information does not concern airbags*.") (italics in original).

The redacted materials here concern putative class members' objections regarding the same plan amendments, the same plan terminations, and the same lump sums plaintiffs challenge here. They are obviously relevant and therefore discoverable.

1573687.1

6

Respectfully submitted this 9th day of June, 2017.

| | |
|---|---|
| /s/ Timothy S. Rigsbee | /s/ Jeremy U. Littlefield |
| Timothy S. Rigsbee | Jeremy U. Littlefield |
| Georgia Bar No. 605579 | Georgia Bar No. 141539 |
| rigsbee@bmelaw.com | jlittlefield@robbinsfirm.com |
| BONDURANT MIXSON & ELMORE, LLP | Rachel F. Gage |
| 3900 One Atlantic Center | Georgia Bar No. 547982 |
| 1201 West Peachtree Street, NW | rgage@robbinsfirm.com |
| Atlanta, GA 30309 | ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC |
| P: (404) 881-4100 | 999 Peachtree Street, N.E. |
| F: (404) 881-4111 | Suite 1120 |
| | Atlanta, GA 30309-3996 |
| Christopher A. Hoffman (*pro hac vice*) | P: 678-701-9381 |
| choffman@koreintillery.com | F: 404-856-2350 |
| KOREIN TILLERY, LLC | |
| 505 North 7th Street, Suite 3600 | |
| St. Louis, MO 63101 | Gregory F. Jacob (*pro hac vice*) |
| P: (314) 241-4844 | gjacob@omm.com |
| F: (314) 241-3525 | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, NW |
| *Attorneys for Plaintiffs Jon Hoak,* | Washington, DC 20006 |
| *Anthony Fano, Allan Quick, and* | P: 202-383-5300 |
| *Patricia Giering* | F: 202-383-5414 |
| | |
| | Mark E. Berghausen (*pro hac vice*) |
| | mberghausen@omm.com |
| | O'MELVENY & MYERS LLP |
| | 2765 Sand Hill Road |
| | Menlo Park, CA 94025-7019 |
| | P: 650-473-2600 |
| | F: 473-2601 |
| | |
| | *Attorneys for Defendant Plan Administrator of the Plans of NCR Corporation* |

1573687.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **JOINT DISCOVERY STATEMENT** with the Clerk of Court using the CM/ECF filing system, which will send email notification of such filing to opposing counsel as follows:

>Jeremy U. Littlefield
>Rachel F. Gage
>ROBBINS ROSS ALLOY BELINFANTE LITTLEFIELD LLC
>999 Peachtree Street, N.E., Suite 1120
>Atlanta, GA 30309-3996
>jlittlefield@robbinsfirm.com
>rgage@robbinsfirm.com
>
>Gregory F. Jacob
>O'MELVENY & MYERS LLP
>1625 Eye Street, NW
>Washington, DC 20006
>msheehan@omm.com
>
>Mark E. Berghausen
>O'MELVENY & MYERS LLP
>2765 Sand Hill Road
>Menlo Park, CA 94025-7019
>mberghausen@omm.com

This 9th day of June, 2017.

/s/ Timothy S. Rigsbee
Timothy S. Rigsbee

1573687.1