IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JON HOAK, ANTHONY FANO, ALLAN QUICK, and PATRICIA GIERING, on behalf of themselves and all those similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| PLAN ADMINISTRATOR OF THE PLANS OF NCR CORPORATION, | : : : | CIVIL ACTION NO. 1:15-CV-03983-AT |
| Defendant. | : | |

## ORDER

This action brought pursuant to the Employee Retirement Income Security Act ("ERISA") is before the Court on the Parties' Joint Discovery Statement [Doc. 71].

The Parties dispute whether Defendant, the NCR Plan Administrator ("NCR"), must produce an unredacted copy of its administrative record prepared for use in this case. According to Plaintiffs, NCR created an administrative record of putative class members' challenges to NCR's termination of the pension plans and lump sum payments, but has redacted large portions of the administrative record NCR claims is irrelevant. Plaintiffs assert that redacting from parts of responsive documents on relevance grounds is improper. According to NCR, withholding information in discovery about legal claims filed

with NCR by plan participants who are not the clients of Plaintiffs' counsel, on subjects that are unrelated to the pending lawsuit is soundly supportable.  NCR contends that the only information redacted from the administrative record is discussions of entirely unrelated claims, or passages that attribute specific claims to specific non-plaintiff claimants – i.e., claims regarding mortality assumptions which have not been raised by the current Plaintiffs or putative class members.  NCR redacted this information hoping to avoid providing Plaintiffs with a roadmap of new legal claims they had not thought to raise and fuel a new round of lawsuits against NCR.

In the prior discovery dispute between the Parties, NCR argued that discovery in an ERISA benefit claim case is limited to the administrative record – a common argument in this Court in ERISA cases.  (*See* Doc. 58, Resp. in Opp'n to Pls.' Mot. at 2.)  In the majority of these cases, the Court's review is indeed limited to a review of the administrative record.[1]  NCR's attempt to limit the administrative record, the primary and material component of the discovery in an ERISA case, is not supported by the case authority on which NCR relies.  While the Court appreciates NCR's legitimate concern with expanding the scope of potential claims and class members, the information NCR has redacted is not the type of sensitive or proprietary information typically subject to protection from discovery, nor does the information pertain to plans other than those precisely at issue in this case.  To the extent any of the redacted information is

---

[1] Here, the Court found that Plaintiffs were entitled to additional information outside the record because of the nature of Plaintiffs' claims.

designated confidential by NCR, Plaintiffs are bound by the terms of the Parties' Stipulated Protective Order.  The Court is persuaded by Plaintiffs' arguments that the redacted information is potentially relevant because it "concern[s] putative class members' objections regarding the same plan amendments, the same plan terminations, and the same lump sums plaintiffs challenge here," (Doc. 71), and thus finds that the information is discoverable.

Accordingly, the Court **DIRECTS** Defendant NCR to produce an unredacted copy of the administrative record **NO LATER THAN JUNE 30, 2017**.

**IT IS SO ORDERED** this 21st day of June, 2017.

_____
**Amy Totenberg**
**United States District Judge**