IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JON HOAK, ANTHONY FANO, ALLAN QUICK, PATRICIA GIERING, and NANCY PARIN, on behalf of themselves and all those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PLAN ADMINISTRATOR OF THE PLANS OF NCR CORPORATION,<br><br>　　　　Defendant. | Civil Action No. 1:15-cv-03983 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Plan Administrator of the Plans of NCR Corporation ("Defendant") hereby answers Plaintiffs' Fourth Amended Class Action Complaint ("Fourth Amended Complaint") pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure as follows:

### GENERAL DENIALS

Except as expressly admitted below, Defendant denies each and every allegation against it and denies liability to Plaintiffs.  With respect to those allegations in the Fourth Amended Complaint that do not specify an applicable time period, Defendant has answered as of the present date.

To the extent that Plaintiffs have included headings or other material outside of the numbered paragraphs in the Fourth Amended Complaint, such extraneous material is inappropriate, requires no response under Rule 10 of the Federal Rules of Civil Procedure, and should be stricken under Rule 12(f) of the Federal Rules of Civil Procedure.  To the extent any such extraneous material is deemed an allegation requiring a response, Defendant denies each and every such "allegation."  Plaintiffs' headings are repeated below, solely for organizational purposes.  Defendant specifically denies, and does not adopt, the characterizations set forth in these organizational headings and subheadings.

1

Defendant expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

In addition to and incorporating the above general denials, Defendant further answers the numbered paragraphs in the Fourth Amended Complaint as follows:

## SUMMARY OF CLAIMS

1. Answering paragraph 1 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant admits that Plaintiffs purport to bring a class action on behalf of participants in several of NCR Corporation's ("NCR") terminated nonqualified retirement plans, but denies that class certification is appropriate, and otherwise denies the allegations in paragraph 1.

2. Answering paragraph 2 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant admits that in 1991 AT&T Corporation tendered an offer to purchase NCR. Defendant also admits that certain nonqualified plans were later amended and terminated by NCR, and lump sum payments equal to the present-

day actuarial equivalent of each participant's future stream of benefits were made to participants and beneficiaries in those nonqualified plans.  Defendant further states that paragraph 2 purports to reference amendments to the provisions of some of these nonqualified plans and refers to those amendments as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations in paragraph 2.

3.    Answering paragraph 3 of the Fourth Amended Complaint, Defendant states that the paragraph purports to summarize and characterize provisions of certain nonqualified plans and refers to those nonqualified plans as the best evidence and source of their contents.  Defendant admits that, upon the termination of the plans, lump sum payments equal to the present-day actuarial equivalent of each participant's future stream of benefits were made to participants and beneficiaries in those nonqualified plans.  Except as so admitted, referenced and stated, Defendant denies the allegations in paragraph 3 and specifically denies that the nonqualified plans' participants did not receive the full value of the benefits to which they were entitled under their respective plans.

4.    Answering paragraph 4 of the Fourth Amended Complaint, Defendant denies the allegations in paragraph 4.

5.      Answering paragraph 5(a)-(h) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraphs 5(a)-(h), denies that Plaintiffs are entitled to relief on their asserted claims, and specifically denies that Plaintiffs are entitled to relief in the form of replacement annuities or amounts sufficient to purchase replacement annuities.  Defendant further states that, if the Court were to determine that Plaintiffs were entitled to relief on the theory that Defendant was not permitted to terminate the plan by making the lump sum payments made to the participants, the only appropriate remedy would be return of those lump sum proceeds with appropriate interest and the reinstatement of the applicable plans.

## FACTUAL ALLEGATIONS

### A.   JURISDICTION AND VENUE

6.      Answering paragraph 6 of the Fourth Amended Complaint, Defendant states that the paragraph should be stricken, as the Court dismissed NCR as a defendant in this case.  To the extent such allegation requires a response, Defendant admits that NCR is a global company with its headquarters at 3097 Satellite Blvd., Duluth, Georgia 30096.

-5-

7.    Answering paragraph 7 of the Fourth Amended Complaint, Defendant states that the paragraph should be stricken, as the Court dismissed Andrea Ledford as a defendant in this case.  To the extent such allegation requires a response, Defendant states that Ms. Ledford was the Executive Vice President, Chief Administration Officer, and Chief Human Resources Officer of NCR.  Defendant also states that it lacks sufficient knowledge or information to form a belief concerning the residence of Ms. Ledford and on that basis denies the allegations concerning her residency.  Defendant further states that the paragraph purports to summarize the contents of an October 23, 2012 NCR Board Resolution and refers to this Resolution as the best evidence and source of its contents.  Except as so admitted, stated, and referenced, Defendant denies the allegations in paragraph 7.

8.    Answering paragraph 8 of the Fourth Amended Complaint, Defendant states that the paragraph should be stricken, as the Court dismissed the Compensation and Human Resource Committee of the Board of Directors of NCR Corporation as a defendant in this case.  To the extent such allegation requires a response, Defendant admits that the Compensation and Human Resource Committee of the Board of Directors of NCR Corporation is currently composed of Linda Fayne Levinson, Edward P. Boykin, Gary J. Daichendt, and Chinh E. Chu. Except as so admitted, Defendant denies the allegations in paragraph 8.

-5-

9.      Answering paragraph 9 of the Fourth Amended Complaint, Defendant admits that Anthony Fano was a participant in the terminated NCR Senior Executive Retirement, Death and Disability Plan ("SERP I"). Defendant states that it lacks sufficient knowledge or information to form a belief as to the allegation regarding Mr. Fano's residency, and on that basis denies those allegations.

10.     Answering paragraph 10 of the Fourth Amended Complaint, Defendant admits that Jon Hoak was a participant in the terminated Retirement Plan for Officers of NCR ("SERP II"), the terminated NCR Nonqualified Excess Plan ("Excess Plan"), the terminated NCR Mid-Career Hire Supplemental Pension Plan ("Mid-Career Plan"), and the terminated NCR Supplemental Pension Plan for AT&T Transfers ("AT&T Transfer Plan"). Defendant states that it lacks sufficient knowledge or information to form a belief as to the allegation regarding Mr. Hoak's residency and on that basis denies that allegation.

11.     Answering paragraph 11 of the Fourth Amended Complaint, Defendant admits that Allan Quick was a participant in the terminated SERP I. Defendant states that it lacks sufficient knowledge or information to form a belief as to the allegation regarding Mr. Quick's residency and on that basis denies that allegation.

12.     Answering paragraph 12 of the Fourth Amended Complaint, Defendant states that the allegations regarding the vesting of spousal benefits assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that John Giering was a participant in the terminated SERP I and received benefits under that Plan, and that Patricia Giering and John Giering were divorced at the time the six nonqualified plans were terminated.  Except as so admitted and stated, Defendant denies the allegations in paragraph 12.

13.     Answering paragraph 13 of the Fourth Amended Complaint, Defendant lacks sufficient information to admit or deny that Nancy Parin was married to Mr. Quick as of February 1, 1995, or that Ms. Parin is the former spouse of Mr. Quick.  On that basis, Defendant denies the allegations in paragraph 13.

14.     Answering paragraph 14 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that this Court has federal question jurisdiction over Plaintiffs' ERISA claims and that the nonqualified plans are governed by ERISA.  Defendant further states that paragraph 15 purports to quote and characterize language in the cited federal statutes and refers to those

cited federal statutes as the best evidence and source of their contents.  Except as so admitted, Defendant denies the allegations in paragraph 14.

15.    Answering paragraph 16 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that venue is proper in the Northern District of Georgia.  Defendant further states that paragraph 16 purports to summarize a cited federal statute and refers to that cited federal statute as the best evidence and source of its contents.  Except as so admitted, Defendant denies the allegations in paragraph 15.

16.    Answering paragraph 16 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that venue is proper in the Northern District of Georgia.  Defendant further states that paragraph 16 purports to summarize and characterize provisions of certain nonqualified plans, and refers to those nonqualified plans as the best evidence and source of their contents. Except as so admitted, Defendant denies the allegations in paragraph 16.

## B.    THE PLANS

17.    Answering paragraph 17 of the Fourth Amended Complaint, Defendant admits that, at times, NCR sponsored an IRS-qualified retirement plan, the NCR Pension Plan, as well as several nonqualified plans, SERP I, SERP II, the Excess Plan, the Mid-Career Plan, and the AT&T Transfer Plan. Defendant states that paragraph 17's reference to the NCR Officer Plan ("Officer Plan") should be stricken, as the Court dismissed Plaintiffs' claims under that Plan from this case. To the extent such allegations require a response, Defendant admits that the NCR Officer Plan is a nonqualified plan that NCR, at times, sponsored.

18.    Answering paragraph 18 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant admits that the nonqualified plans are employee pension benefit plans as defined by ERISA and nonqualified as defined by the Internal Revenue Code. Defendant further states that paragraph 19 purports to quote and characterize cited federal statutes and refers to those cited federal statutes as the best evidence and source of their contents. Except as so admitted, Defendant denies the allegations in paragraph 18.

19.    Answering paragraph 19 of the Fourth Amended Complaint, Defendant admits that the nonqualified plans contained provisions addressing benefits and benefit eligibility, primarily for senior executives.  Defendant further states that paragraph 19 purports to summarize and characterize provisions in certain nonqualified plans and refers to those nonqualified plans as the best evidence and source of their contents.  Defendant further states that paragraph 20 purports to summarize and characterize provisions in the qualified NCR Pension Plan and refers to that plan as the best evidence of its contents.  Except as so admitted and referenced, Defendant denies the allegations in paragraph 19.

20.    Answering paragraph 20 of the Fourth Amended Complaint, Defendant admits that one purpose of the nonqualified plans was to attract or retain able senior executives.  Except as so admitted, Defendant denies the allegations in paragraph 20.

21.    Answering paragraph 21 of the Fourth Amended Complaint, Defendant admits that some of the nonqualified plans contained provisions addressing spousal benefits.  Defendant further states that the allegations purport to summarize, characterize, and quote provisions in some of the nonqualified and qualified plans and refers to those plans as the best evidence and source of their

contents. Except as so admitted and referenced, Defendant denies the allegations in paragraph 21.

22. Answering paragraph 22 of the Fourth Amended Complaint, Defendant admits that one purpose of a nonqualified plan can be to defer taxation of a participant's or beneficiary's compensation. Except as so admitted, Defendant denies the allegations in paragraph 22.

23. Answering paragraph 23 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant admits that some of the nonqualified plans were amended in 2008 to allow NCR to pay out small interests as lump sums in accordance with then-recent amendments to the Internal Revenue Code, and that those nonqualified plans that were so amended provided that such small, Internal-Revenue-Code-limited payments would be calculated using assumptions borrowed from the qualified NCR Pension Plan. Defendant also admits that the plans were frozen at the time of the 2008 amendments, and that many, but not all, participants had retired and begun receiving annuity benefits at the time of the 2008 amendments. Defendant further states that paragraph 23 purports to summarize, characterize, and quote provisions in some of the nonqualified plans and refers to

those nonqualified plans as the best evidence and source of their contents. Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 23, and specifically denies that NCR was required by the nonqualified plans to use the actuarial assumptions in the qualified NCR Pension Plan or precluded from making lump sum payments to participants and beneficiaries of the nonqualified plans upon termination of those plans.

24.    Answering paragraph 24 of the Fourth Amended Complaint, Defendant admits that the NCR Pension Plan contained provisions addressing benefit payments. Defendant further states that paragraph 24 purports to summarize, characterize, and quote provisions of the NCR Pension Plan and refers to that Plan as the best evidence and source of its contents.

25.    Answering paragraph 25 of the Fourth Amended Complaint, Defendant admits that the nonqualified plans could be amended or terminated by NCR, so long as such amendment or termination did not adversely affect any participant's or spouse's accrued benefits under the plans. Defendant further states that paragraph 25 purports to summarize, characterize, and quote provisions of some of the nonqualified plans and refers to those nonqualified plans as the best evidence and source of their contents.

26.    Answering paragraph 26 of the Fourth Amended Complaint, Defendant states that paragraph 26 purports to summarize provisions of the nonqualified plans and refers to those plans as the best evidence and source of their contents.

27.    Answering paragraph 27 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies them.

**D.    SPECIAL PROTECTIONS IN THE PLAN FOR OFFICERS AND SENIOR EXECUTIVE PLAN**

28.    Answering paragraph 28 of the Fourth Amended Complaint, Defendant admits that some of the nonqualified plans at some points in time contained a Change-in-Control provision.  Defendant further states that paragraph 28 purports to summarize and characterize provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents.

29.    Answering paragraph 29 of the Fourth Amended Complaint, Defendant admits that some of the nonqualified plans at some points in time

-13-

contained a Change-in-Control provision.  Defendant further states that paragraph 30 purports to summarize, characterize, and quote provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 29.

30.     Answering paragraph 30 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  Defendant further states that paragraph 30 purports to summarize and characterize provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 30.

31.     Answering paragraph 31 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  Defendant further states that paragraph 31 purports to summarize, characterize, and quote provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 31.

-14-

32.     Answering paragraph 32 of the Fourth Amended Complaint, Defendant admits that some of the nonqualified plans contained a provision addressing legal fees and expenses.  Defendant further states that paragraph 32 purports to summarize, characterize, and quote provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 32.

33.     Answering paragraph 33 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that some of the nonqualified plans, at times, contained a Change-in-Control provision, provisions addressing legal fees and expenses, and provisions governing administrative appeals. Defendant further states that paragraph 33 purports to summarize and characterize provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 33.

34.     Answering paragraph 34 of the Fourth Amended Complaint, Defendant admits that in 1991 AT&T tendered an offer for NCR.  Defendant also

admits that three Trusts with distinct purposes were established on December 6, 1990, before the AT&T acquisition of NCR.  Defendant further admits on information and belief that participants had knowledge of the Trusts.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 34.

35.    Answering paragraph 35 of the Fourth Amended Complaint, Defendant admits that the Trustee for the Trusts was Bank One Dayton, NA. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and on that basis denies them.

36.    Answering paragraph 36 of the Fourth Amended Complaint, Defendant admits that AT&T acquired NCR.

**E. NCR REPLACES THE BOARD OF DIRECTORS WITH COMPANY EXECUTIVES AND THEN SECRETLY ELIMINATES THE TRUSTS AND TRUSTEE**

37.    Answering paragraph 37 of the Fourth Amended Complaint, Defendant states that paragraph 37 purports to summarize and characterize provisions in certain nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of

their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 37.

38.    Answering paragraph 38 of the Fourth Amended Complaint, Defendant states that the paragraph purports to quote and characterize language in an October 23, 2012 Board Resolution and refers to that Board Resolution as the best evidence and source of its contents.

39.    Answering paragraph 39 of the Fourth Amended Complaint, Defendant states that paragraph 39 purports to summarize, characterize, and quote provisions in certain nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.

40.    Answering paragraph 40 of the Fourth Amended Complaint, Defendant states that paragraph 40 purports to summarize, characterize, and quote provisions in certain nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.

41.    Answering paragraph 41 of the Fourth Amended Complaint, Defendant states that paragraph 41 purports to summarize, characterize, and quote provisions in certain nonqualified plans, and amendments to those plans, and refers

to those plans and amendments to those plans as the best evidence and source of their contents.

42.     Answering paragraph 42 of the Fourth Amended Complaint, Defendant states that the paragraph purports to quote and characterize language in an October 23, 2012 Board Resolution and refers to that Board Resolution as the best evidence and source of its contents.

43.     Answering paragraph 43 of the Fourth Amended Complaint, Defendant states that paragraph 43 purports to summarize, characterize, and quote provisions in certain nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 43.

44.     Answering paragraph 44 of the Fourth Amended Complaint, Defendant states that the paragraph purports to quote and characterize language in some of the nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.  Except as so referenced, Defendant denies the allegations contained in paragraph 44.

45.     Answering paragraph 45 of the Fourth Amended Complaint, Defendant states that paragraph 46 purports to quote and characterize language in some of the nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 45.

46.     Answering paragraph 46 of the Fourth Amended Complaint, Defendant states that paragraph 46 purports to quote and characterize provisions in some of the nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 46.

47.     Answering paragraph 47 of the Fourth Amended Complaint, Defendant admits that the Trusts were terminated.  Except as so admitted, Defendant denies the allegations in paragraph 47.

48.     Answering paragraph 48 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal positon to which no response is required.   To the extent such allegations require a response Defendant states that paragraph 48 purports to

characterize provisions in some of the nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 48.

49.    Answering paragraph 49 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal positon to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations contained in paragraph 49.

50.    Answering paragraph 50 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal positon to which no response is required.  To the extent such allegations require a response, Defendant states that paragraph 50 purports to summarize provisions in some of the nonqualified plans, and amendments to those plans, and refers to those plans and amendments to those plans as the best evidence and source of their contents.  Defendant admits that NCR situated its headquarters in Ohio for decades before relocating its headquarters to Georgia.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 50.

51.    Answering paragraph 51 of the Fourth Amended Complaint, Defendant admits that the nonqualified plans were restated in 2013.

## F. NCR TERMINATES ALL THE NONQUALIFIED PLANS

52.    Answering paragraph 52 of the Fourth Amended Complaint, Defendant states that the paragraph purports to summarize and characterize NCR's filings with the Securities and Exchange Commission and refers to those filings as the best evidence and source of their contents.

53.    Answering paragraph 53 of the Fourth Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 53 and on that basis denies it.

54.    Answering paragraph 54 of the Fourth Amended Complaint, Defendant admits that a meeting was held on February 18, 2013.  Except as so admitted, Defendant denies the allegations contained in paragraph 54.

55.    Answering paragraph 55 of the Fourth Amended Complaint, Defendant states that the paragraph purports to quote and characterize language from the minutes to a February 18, 2013 meeting and refers to those minutes as the best evidence and source of their contents.

56.    Answering paragraph 56 of the Fourth Amended Complaint, Defendant states that the paragraph purports to summarize and characterize

language from the minutes to a February 18, 2013 meeting and refers to those minutes as the best evidence and source of their contents.

57.    Answering paragraph 57 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant states that the paragraph purports to quote and characterize language from the minutes to a February 18, 2013 meeting and refers to those minutes as the best evidence and source of their contents. Except as so referenced, Defendant denies the allegations contained in paragraph 57.

58.    Defendant admits the allegations in paragraph 58 of the Fourth Amended Complaint.

59.    Defendant admits the allegations in paragraph 59 of the Fourth Amended Complaint.

60.    Answering paragraph 60 of the Fourth Amended Complaint, Defendant states that some of the nonqualified plans were formally eliminated on February 25, 2013, and that lump sum payments to participants were calculated using a discount rate of 5%.  Except as so admitted, Defendant denies the allegations contained in paragraph 60.

61.    Answering paragraph 61 of the Fourth Amended Complaint, Defendant admits that one justification supporting the reasonableness of using a 5% discount rate to calculate the lump sum payments was that it represented NCR's cost of borrowing on a time horizon for payment of benefits to plaintiffs Hoak, Fano, Quick, and proposed class members.  Defendant further states that the paragraph purports to summarize and characterize language from an administrative document and refers to that document as the best evidence and source of its contents.

62.    Answering paragraph 62 of the Fourth Amended Complaint, Defendant admits that participants in any nonqualified plans that were terminated were informed of the termination and that they would receive a lump sum payout of their benefits.

## G. PLAINTIFFS EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

63.    Answering paragraph 63 of the Fourth Amended Complaint, Defendant admits that Messrs. Hoak, Fano, Quick, and some other participants in the terminated nonqualified plans filed timely administrative claims raising a variety of substantive objections.  Defendant refers to those administrative claims as the best evidence of their contents.

64.    Answering paragraph 64 of the Fourth Amended Complaint, Defendant states that paragraph 64 is vague and ambiguous as to what is meant by "notice" or the timing thereof.  Defendant states that there is reason to believe that both Ms. Giering and Ms. Parin were aware of their potential eligibility for a spousal benefit, and on that basis, denies the allegations.

65.    Answering paragraph 65 of the Fourth Amended Complaint, Defendant admits that Mr. Giering filed a timely administrative claim raising a variety of substantive objections.  Defendant refers to that administrative claim as the best evidence of its contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 65, and specifically denies that Mr. Giering filed a claim on behalf of, or sought any payment of a benefit to, Patricia Giering.

66.    Answering paragraph 66 of the Fourth Amended Complaint, Defendant admits that Mr. Quick filed an administrative claim.  Defendant refers to that administrative claim as the best evidence of its contents.  Except as so admitted and referenced, Defendant denies the allegations contained in paragraph 66, and specifically denies that Mr. Quick filed a claim on behalf of, or sought any payment of a benefit to, Nancy Parin.

67.    Answering paragraph 67 of the Fourth Amended Complaint, Defendant admits that the Plan Administrator denied Messrs. Hoak, Fano, Quick, and Giering's administrative claims and informed them that under ERISA they could appeal the ruling.  Defendant further states that the allegations purport to summarize communications from the Plan Administrator to Messrs. Hoak, Fano, Quick, and Giering and refers to those communications as the best evidence and source of their contents.

68.    Answering paragraph 68 of the Fourth Amended Complaint, Defendant admits that Messrs. Hoak, Fano, Quick, and Giering filed timely administrative appeals.  Except as so admitted, Defendant denies the allegations contained in paragraph 68.

69.    Answering paragraph 69 of the Fourth Amended Complaint, Defendant admits that participants in the terminated plans requested a variety of documents from the Plan Administrator.  Defendant further admits that the Plan Administrator did not consider documents relating to the Trusts or Trustee in adjudicating any participant claims, and denied any requests made for those documents on that basis.  Defendant further admits that at least one of the named plaintiffs requested documents relating to the Trust or Trustee, and refers to the document requests in question as the best evidence of their contents.

70.    Answering paragraph 70 of the Fourth Amended Complaint, Defendant admits that the Plan Administrator denied Messrs. Hoak, Fano, Quick, and Gierings' appeals in their entirety.  Defendant specifically denies that Patricia Giering ever filed a claim or an appeal with the Plan Administrator, or that any other person did so on her behalf.

71.    Answering paragraph 71 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraph 71.

72.    Answering paragraph 72 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraph 72.

73.    Answering paragraph 73 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraph 73.

74.    Answering paragraph 74 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of

Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies the allegations in paragraph 74 and specifically denies that Plaintiffs and proposed class members received significantly less than the pensions they were promised.

75.    Answering paragraph 75 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies the allegations in paragraph 75 and specifically denies that NCR breached its contracts or violated ERISA.

## H. CLASS ALLEGATIONS

76.    Answering paragraph 76 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies that class certification is appropriate.

77.    Answering paragraph 77 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such

allegations require a response, Defendant denies that class certification is appropriate.

78.     Answering paragraph 78 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant asserts that the term "eligible for benefits" is vague, and denies that Plaintiffs or any of the proposed class members are eligible for any benefits beyond what has already been paid to them. Defendant further denies that class certification is appropriate and specifically denies that the number of persons with claims similar to Ms. Giering's or Ms. Parin's are "too numerous for joinder to be practicable."

79.     Answering paragraph 79(a)-(e) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that the issue stated in paragraph 79(e) is common to the proposed class.  Except as so stated and admitted, Defendant denies the allegations in paragraph 79 and specifically denies that class certification is appropriate.

-28-

80.     Answering paragraph 80(a)-(d) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies that class certification is appropriate, denies that common questions of law and fact predominate, and specifically denies that Ms. Giering's and Ms. Parin's claims are typical of the putative class because neither has ever filed a claim with the Plan Administrator, directly or indirectly.

81.     Answering paragraph 81 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies that class certification is appropriate, denies that Plaintiffs' claims are typical of the proposed class, and specifically denies that either Ms. Giering or Ms. Parin is an adequate representative for the putative class because neither has ever filed a claim with the Plan Administrator, directly or indirectly.

82.     Answering paragraph 82 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such

allegations require a response, Defendant denies that class certification is appropriate and specifically denies that Plaintiffs can adequately represent the proposed class.

83.    Answering paragraph 83 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 and on that basis denies them, and specifically denies that class certification is appropriate.

84.    Answering paragraph 84 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  Defendant denies that Plaintiffs and the proposed class members have been injured or are entitled to compensation, and specifically denies that class certification is appropriate.

85.    Answering paragraph 85 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  Defendant denies that class certification is appropriate.

86.    Answering paragraph 86 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  Defendant denies that class certification is appropriate.

87.    Answering paragraph 87 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraph 87 and specifically denies that class certification is appropriate.

88.    Answering paragraph 88 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraph 88 and specifically denies that class certification is appropriate.

## COUNT I:  IMPROPER REMOVAL OF THE TRUSTEE AND ELIMINATION OF THE TRUSTS

89.    Answering paragraph 89 of the Fourth Amended Complaint, Defendant states that the allegations contain no factual averment to which a response is required.

90. Answering paragraph 90 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant states that the paragraph purports to summarize and characterize provisions in some of the nonqualified plans and refers to those plans as the best evidence and source of their contents. Except as so referenced, Defendant denies the allegations contained in paragraph 90.

91. Answering paragraph 91 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies the allegations in paragraph 91.

**COUNT II: USE OF AN IMPROPER INTEREST RATE TO REDUCE PARTICIPANTS' AND SPOUSES' ANNUITIES**

92. Answering paragraph 92 of the Fourth Amended Complaint, Defendant states that the allegations contain no factual averment to which a response is required.

93. Answering paragraph 93 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies the allegations in paragraph 97.

94.     Answering paragraph 94 of the Fourth Amended Complaint, Defendant states that the allegations purport to summarize provisions of the NCR Pension Plan and refers to that Plan as the best evidence and source of its contents. Except as so referenced, Defendant denies the allegations in paragraph 94.

95.     Answering paragraph 95 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant refers to the cited statute as the best evidence and source of its contents.  Except as referenced, Defendant denies the allegations in paragraph 95.

96.     Answering paragraph 96 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that it did not use § 417(e) segment rates in calculating the nonqualified plans' participants' and beneficiaries' lump sum payments, but denies that any of the terminated nonqualified plans required it to do so.

97.     Answering paragraph 97 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of

Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that, upon termination of the nonqualified plans, lump sum payments equal to the present-day actuarial equivalent of each participant's future stream of benefits were made to participants and beneficiaries in those nonqualified plans.  Defendant further admits that one justification supporting the reasonableness of using a 5% discount rate to calculate the lump sum payments was that it represented NCR's cost of borrowing at the time.  Except as so admitted, Defendant denies the allegations contained in paragraph 97 and specifically denies that the nonqualified plans' participants did not receive the full value of the benefits to which they were entitled under their respective plans.

98.    Answering paragraph 98 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies the allegations in paragraph 102.

99.    Answering paragraph 98 of the Fourth Amended Complaint, Defendant denies the allegations in paragraph 98.

100.    Answering paragraph 101 of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of

Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant admits that, upon termination of the nonqualified plans, lump sum payments equal to the present-day actuarial equivalent of each participant's future stream of benefits were made to participants and beneficiaries in those nonqualified plans and that a 5% discount rate was used in the calculation of those payments.  Defendant denies the allegations in paragraph 101 and specifically denies that the nonqualified plans' participants did not receive the full value of the benefits to which they were entitled under their respective plans.

**WHEREFORE**

Defendant denies that Plaintiffs are entitled to the relief sought in the "WHEREFORE" paragraph of the Fourth Amended Complaint.

(i)  Answering paragraph (i) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal position to which no response is required.  To the extent such allegations require a response, Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (i).

(ii)  Answering paragraph (ii) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal

position to which no response is required. To the extent such allegations require a response, Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (ii) and denies the allegations in paragraph (ii).

(iii) Answering paragraph (iii) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (iii) and denies the allegations in paragraph (iii).

(iv) Answering paragraph (iv) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions or statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (iv) and denies the allegations in paragraph (iv).

(v) Answering paragraph (v) of the Fourth Amended Complaint, Defendant states that the allegations assert legal conclusions and statements of Plaintiffs' legal position to which no response is required. To the extent such allegations require a response, Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (v), denies the allegations in paragraph (v), and specifically denies that Plaintiffs are entitled to relief in the form of replacement annuities or amounts

-36-

sufficient to purchase replacement annuities.  Defendant further states that, if the

Court were to determine that Plaintiffs were entitled to relief on the theory that

Defendant was not permitted to terminate the plan by making the lump sum

payments made to the participants, the only appropriate remedy would be return of

those lump sum proceeds with appropriate interest and the reinstatement of the

applicable plans.

(vi)  Answering paragraph (vi) of the Fourth Amended Complaint,

Defendant states that the allegations assert legal conclusions and statements of

Plaintiffs' legal position to which no response is required.  To the extent such

allegations require a response, Defendant denies that Plaintiffs are entitled to any

relief sought in paragraph (vi) and denies the allegations in paragraph (vi).

(vii)  Answering paragraph (viii) of the Fourth Amended Complaint,

Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (viii).

(viii)  Answering paragraph (ix) of the Fourth Amended Complaint,

Defendant denies that Plaintiffs are entitled to any relief sought in paragraph (ix).

(ix)  Answering paragraph (x) of the Fourth Amended Complaint, Defendant

denies that Plaintiffs are entitled to any relief sought in paragraph (x).

(x)  Answering paragraph (xi) of the Fourth Amended Complaint, Defendant

denies that Plaintiffs are entitled to any relief sought in paragraph (xi).

-37-

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. By alleging these affirmative defenses, Defendant does not agree or concede that it has the burden of proof on any of the issues raised in these defenses or that any particular issue or subject matter herein is relevant to Plaintiffs' allegations.

### First Affirmative Defense

Plaintiffs fail to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs and putative class members lack standing under ERISA and Article III of the U.S. Constitution to sue on one or more of the claims asserted.

### Third Affirmative Defense

Plaintiff Hoak's claims are barred in whole or in part by his failure to exhaust his ERISA plan administrative remedies, which is a prerequisite to commencement of this litigation.

### Fourth Affirmative Defense

Plaintiff Hoak does not adequately represent the interests of the putative class members in that he failed to exhaust his ERISA plan administrative remedies.

-38-

### Fifth Affirmative Defense

Plaintiffs' claim to a class action cannot be sustained as to any claim because any such alleged injury cannot be proven on a class-wide basis with common methods of proof.

### Sixth Affirmative Defense

The nonqualified plans grant to Defendant discretion to interpret their terms, including the determination of whether the lump sum payments were actuarially equivalent to Plaintiffs' benefits under the applicable plans.  Defendant's determinations are therefore entitled to deference and should be upheld as a proper and fair exercise of discretionary authority.

### Seventh Affirmative Defense

The Fourth Amended Complaint asserts claims that were rejected by the Court's Order dated October 27, 2016.

### Eighth Affirmative Defense

The putative class members' claims are barred in whole or in part by their failure to exhaust their ERISA plan administrative remedies, which is a prerequisite to commencement of this litigation.

### Ninth Affirmative Defense

Plaintiffs' claims, and those of the members of the putative class, are barred

-39-

in whole or in part by the doctrine of accord and satisfaction.

### Tenth Affirmative Defense

Defendant's handling of Plaintiffs' benefit claims complied fully with the terms of the applicable plans and ERISA.

### Eleventh Affirmative Defense

Defendant has fully performed its contractual duties under the nonqualified plans, as well as other duties, if any, owed to the Plaintiffs, and Plaintiffs are estopped from asserting any cause of action against Defendant.

### Twelfth Affirmative Defense

Plaintiff Giering's claims are barred in whole or in part by her failure to exhaust her ERISA plan administrative remedies, which is a prerequisite to commencement of this litigation.

### Thirteenth Affirmative Defense

Plaintiff Parin's claims are barred in whole or in part by her failure to exhaust her ERISA plan administrative remedies, which is a prerequisite to commencement of this litigation.

### Fourteenth Affirmative Defense

Plaintiffs' claims cannot be adjudicated on a classwide basis because they do not meet the commonality, numerosity, adequacy, or typicality requirements of

Rule 23(a).

## Fifteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and of repose.

## Reservation of Rights to Assert Additional Defenses

Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend its Answer to assert any such defense.

## PRAYER FOR JUDGMENT

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by the Fourth Amended Complaint;

2. That the Fourth Amended Complaint, and each cause of action therein, be dismissed with prejudice;

3. That Defendant be awarded its costs of suit, including attorneys' fees; and

4. That the Court award such other relief as it deems just and appropriate.

Respectfully submitted this 5th day of January, 2022

                                        _____ */s/ Rachel F. Gage*
                                                Gregory Jacob
                                        *Admitted Pro Hac Vice*
                                        D.C. Bar No. 474639
                                        O'Melveny & Myers LLP
                                        1625 Eye Street, N.W.
                                        Washington, D.C. 20006-4001
                                        Telephone:  202-383-5300
                                        Facsimile:  202-383-5414
                                        gjacob@omm.com

                                        Jeremy U. Littlefield
                                        GA Bar No. 141539
                                        Rachel F. Gage
                                        GA Bar No. 547982
                                        Robbins Alloy Belinfante Littlefield, LLC
                                        500 14th Street, N.W.
                                        Atlanta, GA 30318
                                        Phone: (678)701-9381
                                        Fax: (404) 856-3250
                                        jlittlefield@robbinsfirm.com
                                        rgage@robbinsfirm.com

                                        *Counsel for Defendant*

-42-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JON HOAK, ANTHONY FANO, ALLAN QUICK, PATRICIA GIERING, and NANCY PARIN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAN ADMINISTRATOR OF THE PLANS OF NCR CORPORATION,<br><br>Defendant. | Civil Action No. 1:15-cv-03983-AT |

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2022, I electronically filed the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiffs' Fourth Amended Class Action Complaint* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Rachel F. Gage*
Rachel F. Gage

*Counsel for Defendant*

-43-