IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JON HOAK, ANTHONY FANO, ALLAN QUICK, PATRICIA GIERING, and NANCY PARIN, on behalf of themselves and all those similarly situated,

Plaintiffs,

v.

PLAN ADMINISTRATOR OF THE PLANS OF NCR CORPORATION,

Defendant.

CIVIL ACTION NO.
1:15-cv-3983-AT

**ORDER**

Before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement [Doc. 281] (the "Motion for Final Approval") and Class Counsel's Motion for an Award of Attorneys' Fees and Costs from the Common Fund [Doc. 278] (the "Fee Motion"). Both motions are unopposed, and no Class Member has objected either to the terms of the Settlement Agreement or the Fee Motion.[1] The Court held a Final Fairness Hearing on November 3, 2026. (Doc. 286).

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement. (Doc. 266-1).

In connection with their Motion for Final Approval, Plaintiffs also submitted a remarkably thorough and well-reasoned Proposed Order granting the Motion. (Doc. 281-4). The Court has independently reviewed the substance of the Proposed Order and finds that it accurately reflects the Court's understanding of the details of the proposed class action settlement as well as the fairness and reasonableness of the same. Defense counsel affirmed at the Final Fairness Hearing that Defendant has no opposition to the Court's entry of the Proposed Order as an Order of the Court. Accordingly, the Court will adopt Plaintiffs' Proposed Order as its own. The Order that follows below is thus identical to the Proposed Order, save for minor, non-substantive edits and the addition of a final paragraph requiring further status updates from Plaintiffs' counsel, as discussed during the hearing.

Having considered the Motions, the briefs and evidence filed in support, and the arguments presented at the Final Fairness Hearing, the Court **GRANTS** both Motions for the reasons that follow.

## I. RELEVANT BACKGROUND

The Court summarized the relevant procedural history in its July 2, 2026 Order granting preliminary approval of the settlement (the "Preliminary Approval Order"), which is incorporated by reference here. (Doc. 274 at 1-3). In that Order, the Court conditionally certified the Settlement Class under Rule 23(b)(3); appointed class representatives and Class Counsel; found that it would likely be able to approve the settlement as fair, reasonable, and adequate; appointed Kroll Settlement Administration LLC ("Kroll") as the Settlement Administrator;

directed Kroll to establish a Qualified Settlement Fund ("QSF"); approved the Notice Plan and a modified form of Notice; set deadlines for Class Members to object to the settlement and Class Counsel's Fee Motion, as well as to request exclusion from the Settlement Class; and set the Final Fairness Hearing for November 3, 2026. (*Id.* at 5-18).

Based on the uncontested evidence submitted in support of the Motion for Final Approval, Kroll has implemented the Court-approved Notice Plan. On July 31, 2026, Kroll mailed Notices to 155 living Class Members and 62 potential Successors via first-class mail, each reflecting the recipient's unique Settlement ID, Settlement Allocation, and Minimum Settlement Net Payment. (Doc. 281-3, Declaration of Brianne A. Nelson on behalf of Kroll Settlement Administration LLC ("Kroll Decl."), ¶ 13.) Only five of the 217 mailed Notices were returned as undeliverable, and four of those five addressees subsequently received Notice by mail or by email. (*Id.* ¶¶ 16-19; Doc. 281-2, Declaration of Michael E. Klenov in Support of Final Approval ("Klenov Decl. III"), ¶¶ 30-33). Kroll also established and has maintained a settlement website, a P.O. Box, a toll-free telephone number, and an email address for fielding Class Member inquiries. (Kroll Decl. ¶¶ 8-12).

On August 18, 2026, Class Counsel filed the Fee Motion, requesting an award of attorneys' fees of 33% of the Settlement Amount ($15,757,500) and reimbursement of $378,212.74 in out-of-pocket costs (the "Fee and Cost Award"). [Doc. 278]. The Fee Motion and supporting papers were posted on the settlement website the following day, 26 days before the September 14, 2026 objection

deadline. (Kroll Decl. ¶ 8). No Class Member objected to the settlement or requested exclusion from the Settlement Class. (*Id.* ¶ 25). Nor did any Class Member object to the Fee Motion or the requested Fee and Cost Award.[2]

Consistent with the Agreement, the Court-approved Notice directed Class Members and Successors to contact the Settlement Administrator to receive their Settlement Net Payments by providing commercially reasonable verification of living Class Members' identities or Successors' legal right to receive the payments of deceased Class Members. (Doc. 274 at 21, 25). To that end, Kroll has posted a Class Member Verification Form and Successor Verification Form on the settlement website, and Kroll has delivered the relevant verification form to any Class Members or Successors who requested them. (Kroll Decl. ¶ 9). Kroll also established an Online Portal on the settlement website that allows Class Members and Successors to complete the relevant form online and upload the requested verification documents. (*Id.*).

The uncontested evidence submitted in support of the Motion for Final Approval indicates that approximately 146 Class Members and Successors have already submitted verification documents and 13 others have contacted Kroll about their payments. (Kroll Decl. ¶ 21). Class Counsel report that they are in active communication with at least 14 other Class Members and Successors about their

[2] Class Members had until September 14, 2026 to object to the proposed class action settlement. No objections were filed by the deadline. Further, although Class Members and Successors were given notice of the date and time of the Final Fairness Hearing on November 3, 2026, no Class Members appeared at the hearing to object or otherwise comment on the settlement. The Court is thus satisfied that there are no objections.

verification forms, which they intend to submit. (Klenov Decl. III ¶ 48). Combined, these Class Members and Successors account for approximately 90% of the Settlement Class and 98% of the aggregate Settlement Allocations—$46,287,000 of the $47,750,000 Settlement Fund. (Klenov Decl. III ¶ 49).

## II. LEGAL STANDARD

Under Rule 23 of the Federal Rules of Civil Procedure, the claims of a certified class may be settled only with the Court's approval. Fed. R. Civ. P. 23(e). If the proposed settlement would bind class members, the Court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(A)-(D); *see also In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021).

The Eleventh Circuit has also instructed district courts to consider the so-called *Bennett* factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and

duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *In re Equifax*, 999 F.3d at 1273 (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).

Under Rule 23(h), in a certified class action, the Court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Where a class action creates a common fund, attorneys' fees are awarded as a reasonable percentage of that fund, guided by the factors identified in *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 772 n.3, 774-75 (11th Cir. 1991).

## III. THE COURT'S FINDINGS

The Court has reviewed the Motion for Final Approval, the Fee Motion, and their supporting memoranda, declarations, and exhibits, including the declarations of Class Counsel, the Settlement Administrator, named Plaintiff Jon Hoak, and Michael A. Caplan. Based upon its review of those materials, the arguments presented at the Final Fairness Hearing, and its familiarity with all prior proceedings in this case, the Court **FINDS** and **ORDERS** as follows.

### a. Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The Court has specific personal jurisdiction over the Parties and all Class Members because no Class Members requested exclusion from the settlement.

**b. Final Certification of the Settlement Class**

In its Preliminary Approval Order, the Court found that the following Settlement Class satisfied all requirements of Rule 23(a) and Rule 23(b)(3): "All former participants in the Plans, their eligible spouses, and their beneficiaries—other than the Excluded Persons—who received or were entitled to receive lump sum payments from NCR as a result of the termination of the Plans." (Doc. 274 at 5-6). The Settlement Class is composed of the same members as the Litigation Class except for the four Excluded Persons.[3] (Doc. 266-2, Agreement ¶¶ 44-45 & Ex. 1). Nothing has changed since preliminary approval that would alter the Court's earlier conclusions, and the Court finds no reason to disturb them. *See Amin v. Mercedes-Benz USA, LLC*, 2020 WL 5510730, at *1 (N.D. Ga. Sept. 11, 2020).

Accordingly, for the same reasons stated in the Preliminary Approval Order, the Court finds and concludes that: (a) the Settlement Class, which consists of 189 Class Members, is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class, including the proper calculation of damages under the Court's 2024 Judgment; (c) the claims of the named Plaintiffs are typical of and arise from the same operative facts as the claims of Class Members; (d) Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only

---

[3] As discussed in the Preliminary Approval Order, the four Excluded Persons were identified in the Court's 2024 Relief Order (Doc. 237) as people whose entitlements to relief might be barred by either claim preclusion or settlement releases. (*Id.* at 30-31).

individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of the remaining disputes. The Settlement Class is therefore **FINALLY CERTIFIED** for purposes of judgment on the settlement pursuant to Rules 23(a) and 23(b)(3).

Plaintiffs Jon Hoak, Anthony Fano, and Patricia Giering are confirmed as the appointed representatives of the Settlement Class.[4] Michael E. Klenov of Korein Tillery LLC and David G.H. Brackett of Bondurant Mixson & Elmore, LLP are confirmed as the appointed Class Counsel for the Settlement Class pursuant to Rule 23(g).

**c. Adequacy of Notice**

The Court previously approved the Notice Plan and form of Notice, finding that they satisfied Rule 23 and due process. (Doc. 274 at 15-16). The record now establishes that the Notice Plan was carried out as directed. Kroll performed death searches, validated addresses, cross-checked USPS change-of-address data, and mailed individualized Notices to every Class Member and potential Successor on July 31, 2026. (Kroll Decl. ¶¶ 7, 16). Nearly every mailed Notice reached its intended recipient, and four of five Class Members and Successors whose Notices were returned as undeliverable received them by email. (Kroll Decl. ¶¶ 16-19; Klenov Decl. III ¶¶ 31-33). Kroll has also maintained a dedicated P.O. box, toll-free

[4] Previously appointed class representative Allan Quick passed away in October 2026. He remains a named Plaintiff for purposes of the final judgment entered on this settlement and is bound thereby, with his appropriate Successor to receive his Settlement Net Payment.

telephone line, and email address, as well as a dedicated settlement website containing the Notice, key pleadings and orders, the Agreement, filings in support of Preliminary Approval, filings in support of the Fee Motion, and the verification forms needed to receive payment. (Kroll Decl. ¶¶ 8-12).

The Court therefore finds that the Notice and the Notice Plan as implemented (a) constituted the best notice practicable under the circumstances; (b) were reasonably calculated to apprise Class Members of the pendency of the action, the terms of the settlement, Class Counsel's request for a Fee and Cost Award, and their rights to object to or exclude themselves from the settlement; (c) constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) satisfied the requirements of Rules 23(c)(2), (e)(1), (h)(1), and the Due Process Clauses of the United States and Georgia Constitutions. The Court further finds, as it did at preliminary approval, that the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b), have been satisfied, and that Kroll has delivered CAFA notice to the required recipients enumerated in the statute. (Kroll Decl. ¶ 4; Doc. 274 at 16).

**d. The Settlement is Fair, Reasonable, and Adequate**

Having considered each of the factors set forth in Rule 23(e)(2) and the *Bennett* factors, the Court finds that the settlement is fair, reasonable, and adequate.

### *i. The Settlement Class has been Adequately Represented*

The Court has twice found Plaintiffs and Class Counsel adequate: when certifying the Litigation Class in 2017 and when conditionally certifying the Settlement Class. (Doc. 83 at 14; Doc. 274 at 6). Nothing in the record suggests otherwise now. Plaintiffs share the same interests as other Class Members: their Settlement Allocations were derived using the same formula tied to the 2024 Judgment, they seek no incentive awards, and they will bear their proportional share of the Fee and Cost Award. Class Counsel are highly qualified and experienced and have zealously represented the class for a decade, winning a favorable judgment, sustaining it on appeal, and negotiating this settlement. The Court therefore finds that the requirements of Rule 23(e)(2)(A) are satisfied.

### *ii. The Settlement Was Negotiated at Arm's Length*

The settlement was reached only after ten years of contested litigation, including the 2024 Judgment, its affirmance on appeal, and extensive negotiations on the remaining disputed issues following remand. (Doc. 266-7, Declaration of Michael E. Klenov in Support of Preliminary Approval ("Klenov Decl. I") ¶¶ 32-39). The Court finds no evidence of collusion. The Agreement does not address the amount of any Fee and Cost Award, contains no "clear sailing" provision, and provides that any Court-approved award will be paid from the Settlement Fund only after Class Members can begin receiving their distributions. (Klenov Decl. I ¶¶ 38-39; Agreement ¶ 61). The Court therefore finds that the requirements of Rule 23(e)(2)(B) are satisfied.

### *iii. The Relief Provided to the Settlement Class is Adequate in Light of the Rule 23(e)(2)(C) factors*

To determine whether the relief provided for the class is adequate, the Court addresses each of the factors set forth in Rule 23(e)(2)(C) in turn.

***Costs, risks, and delay***. The Settlement Amount of $47,750,000 represents approximately 110%[5] of aggregate Class Member damages under the 2024 Judgment as of April 1, 2026, around the time the Parties agreed to the Settlement Amount. (Klenov Decl. I ¶¶ 42-43). Although Plaintiffs prevailed on the merits, significant disputes remained after remand, including Plaintiffs' contention that NCR's damages calculations were too low and the Parties' dispute over Class Members' potential entitlement to a discretionary award of attorneys' fees under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). (*Id.* ¶¶ 5-25). The settlement secures 100% of damages based on Class Counsel's best estimate of the highest amounts recoverable under the 2024 Judgment as of April 1, 2026—$43,515,031.50—plus an additional $4,234,968.50 in compromise of the statutory fee dispute. (*Id.* ¶¶ 40-43; Agreement ¶¶ 56-57). Litigating the remaining disputes likely would have required evidentiary hearings involving actuarial calculations and expert testimony, as well as potential further appeals, and would have carried a risk of an unfavorable outcome. (Klenov Decl. I ¶¶ 26-29). The settlement eliminates those delays and risks and secures guaranteed, substantial payments for Class Members. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D.

---

[5] Specifically, it represents 109.7% of the damages that Class Members would have been entitled to receive under the judgment.

297, 325 (N.D. Ga. 1993). The Court therefore finds the relief provided through the settlement to be adequate in light of this factor.

***Method of distributing relief.*** The Agreement provides specific Settlement Allocations to each Class Member, as reflected in Exhibit 2 to the Agreement, and neither Class Members nor Successors need to substantiate their payment amounts. Each Class Member, or the appropriate Successor of a deceased Class Member, need only contact Kroll and provide commercially reasonable verification of their identity or their legal authority to receive payment. (Agreement ¶¶ 91, 94). The verification forms that Class Members and Successors must complete are minimally burdensome in light of the substantial payment amounts, are available through the settlement website and a secure Online Portal, and permit payment by check or ACH transfer. (Kroll Decl. ¶¶ 9, 20-23). The effectiveness of this distribution method is confirmed by the response to date: 173 out of 189 Class Members and Successors, together accounting for approximately 90% of the Settlement Class and 98% of the $47,750,000 Settlement Amount, have either already submitted verification documents or are in contact with Kroll or Class Counsel regarding the verification process. (*Id.* ¶ 21; Klenov Decl. III ¶ 49). The Court therefore finds the relief provided through the settlement to be adequate in light of this factor.

***Terms of the proposed fee award***. The Agreement does not address the amount of Class Counsel's Fee and Cost Award or Defendant's consent to any such Award. The Agreement only provides that any Award will be paid solely from the

Settlement Fund, and that Class Counsel may collect it only ten days after Class Members can begin receiving their settlement payments. (Agreement ¶¶ 50, 61). The Court therefore finds the relief provided through the settlement to be adequate and appropriate in light of this factor.

***Agreements required to be identified***. The Parties have represented that there are no side agreements in connection with the settlement and that the Agreement reflects all its terms. (Klenov Decl. I ¶¶ 38-39). Rule 23(e)(3) is satisfied. The Court therefore finds the relief provided through the settlement to be fully adequate in light of this factor.

***iv. The Settlement Treats Class Members Equitably Relative to Each Other***

Each Class Member's Damages Settlement Allocation was derived with the assistance of the Parties' actuarial experts based on the relief formula prescribed in the 2024 Judgment: the PBGC lump-sum replacement annuity cost for each participant, less benefits already paid, plus prejudgment interest and post-judgment interest through April 1, 2026. (Agreement ¶ 56). The balance of the Settlement Amount is allocated in proportion to those Damages Settlement Allocations, and each Class Member will bear a pro rata share of the Fee and Cost Award. (*Id.* ¶¶ 57-59). This allocation bears a direct, consistent relationship to the Court's relief formula and mirrors what Class Members would receive relative to each other absent settlement. The Court therefore finds that the requirements of Rule 23(e)(2)(D) are satisfied.

### *v. The Bennett Factors Support Final Approval*

The *Bennett* factors, which the Court found supported approval at the preliminary stage (Doc. 274 at 6-7), are even more clearly satisfied now. As to the likelihood of success, the complexity, expense, and duration of the litigation, and the stage of proceedings, Plaintiffs litigated this complex case for more than ten years, won a judgment that was sustained on appeal, and settled only to avoid the delays, costs, and risks of further litigation on the remaining post-remand disputes. As to the range of possible recovery and the point within that range at which settlement is fair, the $47,750,000 Settlement Amount falls near the top of Class Counsel's estimated range of potential outcomes if the Parties' remaining disputes after remand were fully litigated—roughly $42 million to $49.5 million as of April 1, 2026, shortly after the Parties agreed to the Settlement Amount. (Klenov Decl. I ¶¶ 45-47). And as to opposition from the Settlement Class, no Class Member has objected to the settlement. The Court therefore finds that the settlement satisfies all the *Bennett* factors.

### e. Exclusions and Releases

No Class Member submitted a request for exclusion. (Kroll Decl. ¶ 25). Consistent with due process, all Class Members are therefore bound by this Order, the Agreement, and the final judgment entered on the settlement. The Court therefore **ORDERS** that Class Members have fully and finally released the Released Claims against the Released Parties as defined in the Agreement.

(Agreement ¶¶ 30-31). Class Members retain the right to enforce the terms of the Agreement.

**f. Award of Attorneys' Fees and Costs Under Rule 23(h)**

Class Counsel have properly and timely moved the Court under Rule 23(h) and Rule 54(d)(2) for an award of attorneys' fees equal to 33% of the Settlement Amount, or $15,757,500, and reimbursement of $378,212.74 in out-of-pocket costs and expenses (together, the "Fee and Cost Award"). (Doc. 278; Doc. 278-1 at 31-32). The litigation conferred a substantial monetary recovery by securing a Settlement Fund for the benefit of Class Members that was fully funded with the $47,750,000 Settlement Amount. (Kroll Decl. ¶ 30). A common-fund award is therefore appropriate. *See Camden I*, 946 F.2d at 771; *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1262 n.14 (11th Cir. 2020). For the reasons below, the Court finds the requested Fee and Cost Award to be reasonable.[6]

***i. The Requested Fee Is Reasonable Under the Percentage-of-the-Fund Method***

In this Circuit, attorneys' fees in common-fund cases are awarded as a "reasonable percentage of the fund established for the benefit of the class." *Camden I*, 946 F.2d at 774-75. There is no hard and fast rule mandating a certain percentage, and the amount of any fee must be determined upon the facts of each

[6] The Combined Fee and Cost Award of $16,135,712.74 equals approximately 33.79% of the $47,750,000 Settlement Amount, below the 34% ceiling disclosed to Class Members in the Court-approved Notice. (Doc. 274 at 20). Each Class Member (or appropriate Successor) will therefore receive a Settlement Net Payment that slightly exceeds the Minimum Settlement Net Payment listed in his or her specific Notice.

case. *Id.* at 774. Although courts often begin with a 25% benchmark, *id.* at 775, courts in this Circuit routinely award fees of approximately one-third of the fund where the facts support the reasonableness of such an award. *See Pinon v. Daimler AG*, 2021 WL 6285941, at *17 (N.D. Ga. Nov. 30, 2021)*; Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012). Fees of one-third of the common fund are likewise awarded in ERISA class actions. *See Asselta v. Nova Se. Univ.*, 2025 WL 1560772, at *7 (S.D. Fla. May 28, 2025); *Prolow v. Aetna Life Ins. Co.,* 2025 WL 4098322, at *4 (S.D. Fla. Nov. 1, 2025). The requested 33% fee is consistent with other percentage-of-the fund awards deemed reasonable in this Circuit.

### *ii. The Camden I Factors Support the Requested Fee*

Under the Eleventh Circuit's *Camden I* factors, relevant considerations in awarding a common-fund fee include: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases." *Camden I*, 946 F.2d at 772 n.3. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members

or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Id.* at 775.

***Time and labor, preclusion of other employment, and length of the professional relationship***. As of August 14, 2026, Class Counsel had devoted more than 8,400 hours to this case, and they expect to spend several hundred more overseeing settlement approval and administration. (Doc. 278-4, Declaration of David G.H. Brackett ("Brackett Decl.") ¶¶ 3, 23, 27, 30, 77-78; Doc. 278-5, Declaration of Michael E. Klenov in Support of Fee and Cost Award ("Klenov Decl. II") ¶¶ 37 & Table 1, 56-57; Declaration of Michael A. Caplan ("Caplan Decl.") ¶ 23). This time was justified by the complexity and duration of the case, the breadth of NCR's defense, and the late stage at which the Parties settled. (Brackett Decl. ¶¶ 28, 55, 57; Klenov Decl. II ¶¶ 55-58; *see also* Doc. 278-7, Caplan Decl. ¶¶ 16, 23). Twenty-two attorneys, paralegals, and staff from two boutique law firms worked on the matter, necessarily precluding other work. (Brackett Decl. ¶ 41; Klenov Decl. II ¶ 37 & Table 1). Class Counsel have represented the named Plaintiffs since 2013 without compensation. (Klenov Decl. II ¶¶ 13-16, 28; Doc. 278-6, Declaration of Jonathan S. Hoak ("Hoak Decl.") ¶¶ 14-17). Based on the evidence submitted, the Court therefore finds that these *Camden I* factors support the reasonableness of the requested fee percentage.

***Novelty and difficulty, undesirability, skill required, and experience of counsel.*** ERISA litigation is complex and demanding, and this

case presented novel questions concerning the termination of *sui generis* nonqualified pension plans, without controlling authority. (*See* Doc. 228 at 1, 28-45). The case also had features that made it undesirable to other lawyers at its inception: two months before it was filed, another judge in this district dismissed with prejudice a Plan participant's challenge to NCR's termination of one of the same Plans. *See Taylor v. NCR Corp.*, 2015 WL 5603040 (N.D. Ga. Sept. 23, 2015). Class Counsel faced highly experienced and sophisticated opposing counsel in this Court and on appeal, and they brought substantial class action and ERISA experience to bear. (Brackett Decl. ¶¶ 39, 48-49; Klenov Decl. II ¶¶ 6-7, 20-21, 59-60, 62; Hoak Decl. ¶¶ 12-16, 22-24); *see George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1378 (N.D. Ga. 2019). Based on the evidence submitted, the Court therefore finds that these *Camden I* factors support the reasonableness of the requested fee percentage.

***Contingent nature of the fee, the customary fee, and the economics of prosecuting the action.*** Class Counsel litigated this case on a pure contingency basis, advancing all costs and bearing the full risk of nonpayment. (Brackett Decl. ¶¶ 44, 49; Klenov Decl. II ¶¶ 27-28; Hoak Decl. ¶¶ 12-13, 19-21). The contingent nature of the fee should be given substantial weight. *In re Friedman's Inc. Sec. Litig.*, 2009 WL 1456698, at *3 (N.D. Ga. May 22, 2009). Contingency arrangements in the private market typically range from 30% to 40% of any recovery. (Brackett Decl. ¶ 42; Klenov Decl. II ¶¶ 64-65); *see George*, 369 F. Supp. 3d at 1382. And the sophisticated named Plaintiffs—including an

experienced litigator who was NCR's former General Counsel—agreed at the outset that Class Counsel could seek 33% of any gross recovery plus costs. (Hoak Decl. ¶¶ 19-21, 27). Mr. Hoak submitted a declaration explaining why, from his perspective, Class Counsel's request for 33% is reasonable and why agreeing to such a fee arrangement was the only economically viable option for him and other Plan participants at the outset of this case. (Hoak Decl. ¶¶ 12-13, 19-21, 28-29). Based on the evidence submitted, the Court therefore finds that these *Camden I* factors support the reasonableness of the requested fee percentage.

***Timing of settlement and results obtained.*** Class Counsel did not settle early or discount Class Members' damages. They pursued the case through final judgment and a full affirmance on appeal and only then negotiated a settlement exceeding 100% of damages under the 2024 Judgment, with an average gross recovery of more than $252,000 per Class Member. (Brackett Decl. ¶ 46; Klenov Decl. II ¶¶ 67-69). *See also supra* p. 11 n.5. This is an excellent and fair result. Mr. Hoak, himself an experienced litigator who has practiced law for more than 40 years, declared that he "view[s] the $47,750,000 settlement as an outstanding result, and as something close to the best outcome possible for class members, despite how long it took to get there." (Hoak Decl. ¶ 31). Based on the evidence submitted, the Court therefore finds that these *Camden I* factors support the reasonableness of the requested fee percentage.

***Awards in similar cases.*** Awards of one-third of the common fund are regularly approved in this district and Circuit, particularly in complex, multi-year

cases. *See, e.g.*, *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294-95 (11th Cir. 1999); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at *1 (N.D. Ga. Oct. 26, 2012). Such percentages have also been awarded in other ERISA class actions. *See, e.g.*, *High St. Rehab., LLC v. Am. Specialty Health. Inc.*, 2019 WL 4140784, at *13 (E.D. Pa. Aug. 29, 2019) (awarding 33.3%); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017) (awarding 35%); *Stephens v. US Airways Group, Inc.*, 102 F. Supp. 3d 222, 230 (D.D.C. 2015) (awarding 38%). The award here is also consistent with the 29%, $96.28 million fee recently approved in *McCutcheon v. Colgate-Palmolive Co.*, an ERISA class action that settled for slightly less than 100% of damages after judgment and appeal, from a substantially larger $332 million settlement fund. 2026 WL 444748, at *5 (S.D.N.Y. Feb. 17, 2026). The Court therefore finds that these *Camden I* factors support the reasonableness of the requested fee percentage.

***Objections.*** No Class Member has objected to the requested Fee and Cost Award, even though the Notice expressly disclosed that Class Counsel would seek up to 33% of the Settlement Amount plus costs, for a total not to exceed 34%. (Doc. 274, Ex. A §§ 6, 12). The Notice also showed Class Members, on the first page, the specific amount by which their individual Settlement Allocation would be reduced if the Court granted an Award of 34%. (*Id.* at 20). The Notice directed Class Members to review Class Counsel's motion for a Fee and Cost Award on the settlement website, and informed them of their right to object to the amounts

requested. (*Id.* Ex. A § 12). Consistent with due process, that motion and all supporting materials were posted on the settlement website on August 19, 2026, 26 days before the September 14, 2026 objection deadline. (Kroll Decl. ¶ 8; Klenov Decl. III ¶¶ 28-29). The Court finds that Class Members had sufficient time to consider the requested Fee and Cost Award and object to it, and that none chose to do so. The Court therefore finds that this factor weighs in favor of the requested fee percentage.[7]

***iii. The Optional Lodestar Crosscheck Confirms the Requested Fee's Reasonableness***

A lodestar crosscheck is not required in this Circuit. *Waters*, 190 F.3d at 1298. Nevertheless, the Court notes that Class Counsel's lodestar, calculated at current rates that are reasonable for the Atlanta market, is approximately $7,053,446. (Brackett Decl. ¶ 77; Klenov Decl. II ¶ 72 & Table 2; *see also* Brackett Decl. ¶¶ 59-61, 63-64, 66-67, 75 & Ex. B; Klenov Decl. II ¶¶ 73-88; Caplan Decl. ¶¶ 16, 42). The requested fee therefore yields a multiplier of approximately 2.23, well within the range accepted in this Circuit for complex class actions. *See Amin*, 2020 WL 5510730, at *4 (finding a multiplier of four "well within" the accepted range). A lodestar crosscheck thus confirms the reasonableness of the requested fee.

---

[7] Class Counsel did not address, and the Court will not separately address, the time limitations imposed by the client or the circumstances or any non-monetary benefits conferred on the class. There were no client-imposed time limitations, and the settlement provides only monetary relief.

### *iv. Reimbursement of Costs*

Class Counsel incurred $378,212.74 in out-of-pocket costs, consisting primarily of expert witness fees ($278,266.70), together with transcript, travel, bond premium insurance underwriting, e-discovery, printing, PACER, service, and court costs. (Brackett Decl. ¶¶ 81-82 & Ex. C; Klenov Decl. II Ex. B). They represent less than 1% of the Settlement Fund and fall within the $400,000 cost ceiling disclosed in the Notice. (Doc. 274 at 20, 28). Based on the evidence submitted, the Court finds these costs were reasonable and necessary to the successful prosecution of this case. (Brackett Decl. ¶ 83; Klenov Decl. II ¶¶ 90-100; Caplan Decl. ¶ 46).

Accordingly, the Court **GRANTS** the Fee Motion [Doc. 278] and **AWARDS** Class Counsel attorneys' fees in the amount of $15,757,500 and reimbursement of costs in the amount of $378,212.74, for a total Fee and Cost Award of $16,135,712.74, to be paid from the Settlement Fund in accordance with the Agreement. The Fee and Cost Award shall be borne by Class Members pro rata in proportion to their Settlement Allocations, yielding each Class Member's Settlement Net Payment. (Agreement ¶ 59). The Court **ORDERS** Kroll to calculate each Class Member's Settlement Net Payment by reducing each Class Member's Total Settlement Allocation in Exhibit 2 to the Agreement by 33.7921% (the Fee and Cost Award divided by the Settlement Amount), rounded up to the nearest cent. Class Counsel shall allocate the Fee and Cost Award between their firms as they deem appropriate.

### g. Settlement Administration and Distribution

Kroll shall continue to administer the settlement in accordance with the Agreement, the Preliminary Approval Order, and this Order. The entry of this Order constitutes "Finality" for purposes of the Agreement. Kroll shall issue Settlement Net Payments to verified living Class Members and Successors within **91 days** after Finality, and to Successors who must take additional steps to establish their legal authority within **182 days** after Finality, as provided in the Agreement. (Agreement ¶ 62). Kroll's fees and expenses for settlement administration, subject to the Court's approval, shall be paid from interest accrued on the Settlement Fund pursuant to the Agreement. (Doc. 274 at 11). Any balance of the original Settlement Amount remaining after the Payment Negotiation Deadline shall revert to NCR Voyix Corporation, and the balance of accrued interest (after taxes and administration costs) shall be either redistributed or transferred to a *cy pres* recipient, in each case as provided in the Agreement. (Agreement ¶¶ 63-66).

### h. Continued Effect of the 2024 Judgment

Nothing in this Order shall be deemed to vacate the Court's Relief Order or 2024 Judgment as to the Excluded Persons, who are not members of the Settlement Class. (Doc. 274 at 16). As to the Settlement Class, this Order and the judgment entered on it shall be in full satisfaction of all amounts owed to Class Members under the 2024 Judgment, as provided in the Agreement.

### i. Retention of Jurisdiction

Without affecting the finality of this Order or the judgment entered thereon, the Court retains continuing and exclusive jurisdiction over the Parties, the Class Members, and the Settlement Fund for purposes of administering, implementing, interpreting, and enforcing the Agreement and this Order, including the administration and distribution of the Qualified Settlement Fund and the resolution of any disputes related thereto.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Action Settlement [Doc. 281] and Class Counsel's Motion for an Award of Attorneys' Fees and Costs from the Common Fund [Doc. 278]. Specifically, the Court **ORDERS** as follows:

1. The Settlement Class is **FINALLY CERTIFIED** for settlement purposes under Rules 23(a) and 23(b)(3), with Plaintiffs Jon Hoak, Anthony Fano, and Patricia Giering as class representatives and Korein Tillery LLC and Bondurant Mixson & Elmore, LLP as Class Counsel;
2. The settlement and the Agreement are **APPROVED** as fair, reasonable, and adequate under Rule 23(e)(2), and the Parties and Kroll are **DIRECTED** to implement and administer the Agreement in accordance with its terms;
3. Class Counsel are **AWARDED** attorneys' fees under Rule 23(h) in the amount of $15,757,500 (33% of the Settlement Amount) and reimbursement of costs in the amount of $378,212.74, for a total Fee and Cost Award of

$16,135,712.74, to be paid from the Settlement Fund at the time provided in the Agreement;

4. Kroll is **DIRECTED** to calculate and distribute Settlement Net Payments to Class Members and Successors in accordance with the Agreement and this Order;

5. As discussed at the Final Fairness Hearing, Plaintiff's counsel is **ORDERED** to provide further status updates to the Court (a) no more than one week after the Settlement Administrator's 91-day deadline to issue Settlement Net Payments to living Class Members has passed; and again (b) no more than one week after the Settlement Administrator's 182-day deadline to issue Settlement Net Payments to Successors has passed. These updates should provide detailed information regarding the status of the settlement distribution to all Class Members and Successors and may be filed under seal if they contain sensitive financial information. The second update should also address whether a Court Order is required to wind down the Qualified Settlement Fund and should propose next steps if so.

6. The Clerk is **DIRECTED** to enter a separate judgment consistent with the terms of this Order pursuant to Fed. R. Civ. P. 58 and **CLOSE** the case.

**IT IS SO ORDERED** this 3rd day of November, 2026.

**Honorable Amy Totenberg**
**United States District Judge**